UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Aaron Jude Schnagl, | Case No. 19-cv-2611 (NEB/SER) |
| Petitioner, | |
| v. | **ORDER** |
| Shannon Reimann, Warden, | |
| Defendants. | |

Petitioner Aaron Jude Schnagl filed a § 2254 habeas petition on September 30, 2019, raising several grounds for relief. (ECF No. 1). Schnagl also filed a detailed memorandum of law in support of his habeas petition. (ECF No. 3). The Court directed Respondent to answer Schangl's Petition. (ECF No. 6). Schnagl now asks the Court to appoint counsel to represent him. (ECF No. 7). Schnagl asserts he is unable to afford counsel, that the issues involved in this case are complex, he has limited access to the law library because of his imprisonment, and he has a limited knowledge of the law. (ECF No. 7, at 1; ECF No. 8).

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Rather, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the

1

indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794. Courts enjoy "a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).

After careful review, the Court concludes that appointment of counsel is not warranted at this time. Schnagl is correct that the underlying conviction is complex—he was convicted of third-degree murder for the overdose death of his friend whom he provided with cocaine. But Schnagl's principal claims—(1) insufficient evidence; (2) a *Brady* violation; (3) a denied jury instruction; and (4) a Double Jeopardy violation—are all fairly straightforward legal arguments for habeas claims. To date, Schnagl has shown a remarkable ability to present his claims and supporting arguments. (ECF Nos. 1, 3, 8). Schangl has complied with local procedural rules that even some lawyers get wrong. (ECF Nos. 1-3 (filing cover letter), 3 at 37 (word count compliance certificate), 8-1 (word count compliance certificate), 10 (certificate of service)). As such, the Court concludes that appointment of counsel is not warranted at this time. To be sure, should the complexity increase by reason of Respondent's answer or should discovery become necessary, Schnagl may reassert his request.

Therefore, Schnagl's Motion for the Appointment of Counsel, (ECF No. 7), is **DENIED WITHOUT PREJUDICE**.

Date: October 21, 2019            *s/ Steven E. Rau*
                                                            Steven E. Rau
                                                            United States Magistrate Judge
                                                            District of Minnesota