UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AARON JUDE SCHNAGL, | Case No. 19-cv-2611 (NEB/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| SHANNON REIMANN, Warden, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner Aaron Schnagl's application for a Writ of Habeas Corpus by a Person in State Custody arising under 28 U.S.C. § 2254 (Dkt. 1). This case has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Accordingly, for the reasons set forth below, this Court recommends that the Petition for Writ of Habeas Corpus (Dkt. 1) be dismissed with prejudice.

## I.   FACTUAL BACKGROUND

Petitioner Aaron Schnagl ("Petitioner" or "Schnagl") is currently serving a sentence for third-degree murder under Minn. Stat. § 609.195(b). A jury found him to be the proximate cause of the death of a 27-year-old woman, "DJ," who ingested cocaine given to her by Petitioner. (Dkt. 1-2 at 28, 174.)

## II. PROCEDURAL BACKGROUND

Following his February 5, 2016 conviction for third-degree murder (Dkt. 1-2 at 28),[1] Petitioner subsequently filed multiple post-trial motions, including a Post-Trial Motion for Relief requesting: a new trial or dismissal of the indictment based upon prosecutorial misconduct; disclosure violations arising under *Brady v. Maryland*, 373 U.S. 83 (1963); insufficiency of the evidence; and errors of law pertaining to jury instructions. (Dkt. 1-2 at 38-44.) Schnagl also moved to dismiss the case based on lack of jurisdiction. (*Id.* at 44-45.) The trial court denied these motions on May 24, 2016. (*Id.* at 35-37.)

Petitioner later appealed his conviction to the Minnesota Court of Appeals, which ultimately affirmed the jury verdict and the district court rulings on Petitioner's post-trial motions. *See State v. Schnagl*, 907 N.W.2d 188 (2017). Petitioner's appellant brief to the Minnesota Court of Appeals challenged the sufficiency of the evidence used to establish Petitioner as the proximate cause of the victim's death, argued that the trial court committed reversible error by refusing to instruct the jury on Petitioner's joint-acquisition theory, and referenced the arguments made in Schnagl's *pro se* brief. *See Schnagl*, 907 N.W.2d at 195. In particular, Schnagl's appellate counsel argued that Schnagl's conviction must be reversed because the State's circumstantial evidence did not prove beyond a reasonable doubt that he proximately caused DJ's death and that the district court committed prejudicial error by refusing to instruct the jury on the defense

---

[1]   Unless stated otherwise, references to page citations refer to the CM/ECF pagination.

2

theory that Schnagl and DJ jointly acquired cocaine based on evidence presented by Schnagl. (Dkt. 1-2 at 19-25.) There was no assertion or reference in this brief to a specific federal constitutional right, except that essential to due process is the right for the jury to be correctly instructed as to the elements of a charged offense with respect to Schnagl's second alleged challenge dealing with the jury instructions. (*Id.* at 23.)

In his pro se brief to the Minnesota Court of Appeals, Schnagl raised several issues, including: (1) whether the trial court erred in denying Schnagl's post-verdict motion to dismiss the indictment due to violations under *Brady v. Maryland*; (2) whether the State undermined the proceedings due to *Brady* violations and misrepresenting the evidence; (3) whether the accumulation of the State's errors relating to the handling of the evidence denied Petitioner his right to due process; (4) whether the State violated the double jeopardy protection arising under the Fifth Amendment to the Constitution and was thus barred from charging Schnagl with third-degree murder; (5) whether the trial court committed an abuse of discretion resulting in the denial of his rights to due process and fair trial by denying an alternative perpetrator and accomplice instruction and a second degree manslaughter instruction; (6) whether the trial court erred by denying a mistrial for prosecutorial misconduct during opening statements; (7) whether the trial court erred by denying his request for a change in venue; and (8) asserting that the prosecutorial misconduct at the trial court level was so egregious as to warrant a new trial. (Dkt. 1-2 at 53-75.)

The Court of Appeals of Minnesota affirmed Schnagl's conviction, finding that the evidence was sufficient to sustain the conviction and that the trial court did not abuse its

discretion by failing to give Petitioner's requested jury instructions, and concluded that Petitioner's pro se arguments, including his due process arguments, were unavailing. *Schnagl*, 907 N.W.2d at 200-03.

Schnagl then appealed to the Minnesota Supreme Court and United States Supreme Court—both of which denied review or certiorari. (*See* 139 S. Ct. 156 (Mem); Dkt. 1-2 at 144; Dkt. 3 at 3.) The Minnesota Supreme Court denied review on February 28, 2018, and the United States Supreme Court denied certiorari on October 1, 2018.[2]

In his Petition for Review to the Minnesota Supreme Court, Schnagl raised three issues: (1) whether his conviction should be reversed based on insufficient evidence; (2) whether the district court committed reversible error by refusing to adopt his suggested jury instructions regarding a joint acquisition defense; and (3) whether his conviction should be overturned for reasons stated in his pro se appellate brief. (Dkt. 1-2 at 131.) The Petition for Review did not cite to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.

Petitioner now applies for Writ of Habeas Corpus under 28 U.S.C. § 2254. Schnagl relies on four grounds in his Petition:

---

[2] In his petition to the United States Supreme Court, Petitioner posed two questions: (1) whether Schnagl's conviction is illegal and must be vacated because there was never an official cause or manner of death and the descendant's death was never ruled a homicide; and (2) whether the failure to disclose exculpatory evidence to a grand jury violates *Brady v. Maryland* and Schnagl's right to due process under the Sixth and Fourteenth Amendments. (Dkt. 1-2, at 147.)

4

    (1)    There was insufficient evidence to establish that Petitioner actually caused [DJ's] death. There was no cause or manner of death in [DJ's] death which violated Petitioner's Sixth and Fourteenth Amendment right to due process.

    (2)    The trial court violated *Brady v. Maryland*, thus violating Petitioner's constitutional right to due process under the Sixth and Fourteenth Amendments.

    (3)    The fact that Petitioner and [DJ] were romantically involved supports the argument that Petitioner cannot be convicted of special felony murder statute and that Minn. Stat. § 609.195(b) conflicts with federal case law and holdings of the United States Supreme Court, in particular *U.S. v. Swerdiski*.

    (4)    Petitioner was denied the protection of the Double Jeopardy Clause guaranteed by the Fifth Amendment, as double jeopardy attached when Petitioner pled to second-degree possession of cocaine which was an element of the third-degree murder charge, therefore violating Petitioner's constitutional protection of the Fifth Amendment; and due to the fact that he received multiple sentences from a single course of conduct, thereby violating the Double Jeopardy Clause of the Fifth Amendment.

(Dkt. 1.)

Respondent filed her response to Petitioner's application for a Writ of Habeas Corpus, asking the Court to deny Petitioner's application. Respondent argues the claims raised by Petitioner in his application are procedurally barred for a lack of fair presentment to the Minnesota Supreme Court. Alternatively, Respondent argues Petitioner has failed to meet his burden under 28 U.S.C. § 2254 for a lack of explanation regarding how the Minnesota State Court decisions are contrary to or involve an unreasonable application of clearly established federal law.

Specifically, Respondent argues that Petitioner's claims of insufficient evidence for a conviction of third-degree murder and erroneous jury instruction are procedurally defaulted for Petitioner's failure to raise these claims in the state courts. (Dkt. 18.)

Respondent points to Petitioner's failure to raise these claims in the state courts by failing to refer to a particular federal constitutional right, constitutional provision, federal constitutional case, or state case raising the relevant federal constitutional issue, resulting in a procedural default of the claims. (*Id.* at 7-10.)

Respondent also states Petitioner failed to raise the *Brady* violation and Double Jeopardy claims in his Petition for Review to the Minnesota Supreme Court. (*Id.* at 10-11.) Petitioner originally raised these claims in his pro se brief filed at the Minnesota State Court of Appeals, and then used a "catch-all" request for the Minnesota Supreme Court's review of the arguments raised in this pro se brief. Respondent argues this is a failure to fairly present these grounds for review, whereby Petitioner has failed to exhaust his state court remedies as these claims. (*Id.* at 13-14.)

### III.  PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1)

**A.  Legal Standard**

A prisoner in state custody may seek relief in federal court by filing an application for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, the application for a writ of habeas corpus will only be granted if "the applicant has exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(1)(A).

In conformance with the principles of comity and federalism, the exhaustion doctrine requires state courts to have a "full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), where "the prisoner must 'fairly present' his claim

in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted). Thus, "a prisoner must fairly present his federal constitutional claims to the **highest available state court**, (in Minnesota, the Minnesota Supreme Court), before seeking relief in federal court." *Fraction v. Minnesota*, 678 F. Supp. 2d 908, 916 (D. Minn. 2008) (emphasis added).

Fair presentment requires the prisoner to "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005). Both the United States Supreme Court and the Eighth Circuit have noted "[i]t is not enough to recite only . . . the facts necessary to state a claim for relief, or to make a general appeal to a constitutional guarantee as broad as due process." *Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010) (internal quotation marks and citations omitted). A claim has not been fairly presented if the presiding court "must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32. More specifically, "even if the opinion of the state court of appeals does not make any mention of a federal claim, a brief submitted to that court that sets forth the federal constitutional basis for a claim can satisfy the requirement that the petitioner 'apprise the state court of his claim that the . . . ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the Fourteenth Amendment.'" *Fraction*, 678 F. Supp. 2d at 917 (quoting *Duncan v.*

7

*Henry*, 513 U.S. 364, 366 (1995)).  However, "[a] petitioner must present both the factual and legal premises of his claims to the state courts in order to exhaust the claims properly."  *Dansby v. Hobbs*, 766 F.3d 809, 823 (8th Cir. 2014) (emphasis added).  "The onus rests on the prisoner to present the substance of his federal claims in each appropriate state court . . . ."  *Turnage*, 606 F.3d at 936 (quotation marks and citation omitted).

**B.     Analysis**

Schnagl failed to properly present his federal claims raised in the present Petition through the Minnesota Supreme Court.  As stated previously, all claims raised in a habeas petition must have been raised consistently throughout the state court proceedings, explicitly making reference to a federal constitutional right, case, or issue.  *Cox*, 398 F.3d at 1031.

With respect to the first claim in the Petition, the Court finds that Petitioner never previously invoked the Sixth and/or Fourteenth Amendment(s) (or any other violation of federal law) regarding his claim of insufficient evidence, as he does here, supporting his conviction before either the Minnesota Court of Appeals or the Minnesota Supreme Court.  (Dkt. 1-2 at 19-32, 135-136.)

As to the third claim in the Petition, Schnagl's appellate counsel argued to the Minnesota Court of Appeals that under the ruling in *State v. Carithers*, 490 N.W.2d 620 (Minn. 1992), the Minnesota Supreme Court concluded that a person could not be found

8

guilty of third degree murder under Minn. Stat. § 609.195(b)[3] in terms of "giving away" narcotics because it found that the narcotics were "jointly acquired" even though the deceased spouse was not present at the drug transaction. (Dkt. 1-2 at 23-24.) Schnagl's appellate counsel argued that *Carithers* and subsequent cases have extended this theory to those romantically involved, and, therefore, the trial court erred in failing to do so as to the third-degree murder charge against Schnagl. (*Id.* at 24-25.) As Schnagl notes in his Reply to the Petition, *Carithers* addressed a federal case from the Second Circuit, *United States v. Swiderski*, 548 F.2d 445 (2d Cir. 1977). (Dkt. 20 at 9-10.) However, the mere citation to a Minnesota decision that references a federal case without more does not constitute sufficient presentment of federal issue to a state court. *See Vang v. Hamer*, No. CV 15-2544 (DSD/JJK), 2016 WL 2727864, at *5 (D. Minn. Mar. 24, 2016), *R.&R. adopted sub nom.*, 2016 WL 2637806 (D. Minn. May 6, 2016) (citations omitted). The Court acknowledges that Schnagl's appellate counsel also raised this argument in the Petition for Review to the Minnesota Supreme Court, and in that brief referenced *Carithers*' reliance on *Swiderski*. (Dkt. 1-2 at 139-40.) However, even assuming that

---

[3] Section 609.195(b) provides:

> Whoever, without intent to cause death, proximately causes the death of a human being by, directly or indirectly, unlawfully selling, giving away, bartering, delivering, exchanging, distributing, or administering a controlled substance classified in Schedule I or II, is guilty of murder in the third degree and may be sentenced to imprisonment for not more than 25 years or to payment of a fine of not more than $40,000, or both.

Minn. Stat. § 609.195(b).

9

this satisfies the presentment requirement, given the failure to raise the issue to the Minnesota Court of Appeals, the *Carithers* court only examined *Swiderski* in terms of how to interpret the Minnesota third-degree murder statue in comparison to the construction of a different federal statute. *See Carithers*, 490 N.W.2d at 622-23. Such a claim involving an "alleged wrongful interpretation of state criminal statutes cannot be decided in a federal habeas corpus action." *Poole v. Wood*, 45 F.3d 246, 249 (8th Cir. 1995) (citations omitted).

      As to the other claims in his Petition, Schnagl raised the federal issues as part of his pro se brief to the Minnesota Court of Appeals. However, save for referring generally to the pro se claims brought before the Court of Appeals in his Petition for Review before the Minnesota Supreme Court, there was no presentment of the claims or any mention of a violation of federal law in relation to the pro se claims asserted in his Petition for Review to the Minnesota Supreme Court. (Dkt. 1-2 at 131, 134, 142.) These general references in the Petition for Review to the pro se supplemental brief filed with the Minnesota Court of Appeals are not sufficient on their face to identify the pro se claims or any federal basis for them. *See Baldwin*, 541 U.S. at 32 ("We consequently hold that ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."); *see also Glover v. Halvorson*, No. 19-CV-1238 (DSD/LIB), 2020 WL 519888, at *6 (D. Minn. Jan. 7, 2020) (string citation omitted), *R&R adopted*, 2020 WL 512977 (D. Minn. Jan. 31, 2020). Indeed, "as other Courts in this District have held,

'incorporation' of a lower court decision or briefs submitted to such a lower court, without identifying the federal issue in the petition for review, is insufficient to fairly present a federal claim for the purposes of exhaustion." *Foster v. Fabian*, No. 07-cv-4317, 2009 WL 921063, at *8 (D. Minn. Mar. 31, 2009) (citations omitted); *see also Ellis v. Minnesota*, No. 18-CV-342 (NEB/TNL), 2018 WL 6520568, at *3 (D. Minn. Oct. 30, 2018) (same) (collecting cases), *R.&R. adopted*, 2018 WL 6519135 (D. Minn. Dec. 10, 2018).

"When a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance' procedure described in *Rhines v. Weber*, [544 U.S. 269] . . . (2005)." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005). That said, when a prisoner has not exhausted his state court remedies for a particular claim, and state procedural rules preclude any further consideration of that claim, then the claim has been procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991); *see also O'Sullivan*, 526 U.S. at 848 (citations omitted) (finding that a petitioner's failure to timely present federal claims to the state high court resulted in a procedural default); *Turnage*, 606 F.3d at 936 ("If a prisoner fails to present his federal claims to the state courts, those claims are generally considered procedurally defaulted.") (quoting *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999) (en banc) (citation omitted)). In other words, where there is still a state court remedy available, a previously unraised habeas claim is "unexhausted," but if there is no state court remedy still available, then the claim is "procedurally defaulted." *See*

11

*Armstrong*, 418 F.3d at 926 ("[I]f no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim . . . .'") (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)) (citation omitted); *see also Middleton v. Roper*, 455 F.3d 838, 855 (8th Cir. 2006) ("'If a prisoner has not presented his habeas claims to the state court, the claims are defaulted if a state procedural rule precludes him from raising the issues now.'") (quoting *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir.)).

Here, the Court finds that Schnagl's unexhausted claims are procedurally defaulted under *State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976). Under the decision in *Knaffla*, after "direct appeal has once been taken, all matters raised therein, all claims known but not raised, and all claims that should have been known will not be considered upon a subsequent petition for postconviction relief." *Id.* at 741; *see also Sontoya v. State*, 829 N.W.2d 602, 604 (Minn. 2013). The *Knaffla* rule has been "consistently followed" for decades, and serves as an independent state-law basis for procedural default. *See Murray v. Hvass*, 269 F.3d 896, 899-900 (8th Cir. 2001) (citations omitted).

In sum, Schnagl did not fairly present his claims to the Minnesota Supreme Court, and he cannot now present those claims to any Minnesota court pursuant to the rule in *Knaffla*. *See Murphy v. King*, 652 F.3d 845, 848-51 (8th Cir. 2011) (holding that a habeas petitioner was procedurally barred from raising a claim that he had failed to fairly present to the Minnesota Supreme Court). Where a claim is procedurally defaulted,

12

federal courts are prevented from adjudicating the claim on the merits unless a petitioner can demonstrate cause and prejudice, "or demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750 (internal quotation marks omitted).

"'[C]ause'. . . must be something external to the petitioner, something that cannot fairly be attributed to him . . . . For example, 'a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or that 'some interference by officials' . . . made compliance impracticable . . . .'" *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488). "Prejudice" that will overcome a procedural default requires a petitioner to show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Armstrong v. Kemna*, 590 F.3d 592, 606 (8th Cir. 2010) (emphasis omitted) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). A court need not determine the "cause" issue if it first determines that the petitioner has not made a showing of prejudice. *Id.* at 606 n.12. In this case, Schnagl has not articulated the cause for his procedural default. Since Petitioner has not satisfied the cause component required to overcome his claim's procedural default, it is unnecessary to address the prejudice component. *See Edwards v. Bolin*, No. 19-CV-2984 (PJS/LIB), 2020 WL 4756574, at *16 (D. Minn. July 22, 2020) (citation omitted), *R.&R. adopted*, 2020 WL 4809688 (D. Minn. Aug. 17, 2020).

The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in

13

the conviction of one who is actually innocent.'" *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)), *cert. denied*, 516 U.S. 1161 (1996). In other words, a petitioner cannot merely point to errors that allegedly occurred during the course of his state criminal proceeding; he must instead offer some new evidence which affirmatively demonstrates that he is, in fact, innocent of the crime for which he was convicted. *See Edwards*, 2020 WL 4756574, at *16 (citations omitted) ("Likewise, Petitioner cannot meet the 'fundamental miscarriage of justice' exception because he failed to present any 'reliable new evidence' providing clear and convincing proof that he is actually innocent.") (citations omitted). Here, the "fundamental miscarriage of justice" exception is inapplicable, as Schnagl has failed to provide any new evidence demonstrating that he is innocent of the crime for which he was convicted.

For all of these reasons, Schnagl's procedural default of his claim cannot be overcome, and this Court cannot adjudicate the Petition on its merits. As such, the Petition should be dismissed on this basis.

## IV.     CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing in this context, Schnagl must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court concludes that it is unlikely any other

court, including the Eighth Circuit, would reach a conclusion contrary to that reached above. Accordingly, it is recommended that a COA not be issued in this matter.

## V.   RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The Petition (Dkt. 1) be **DENIED** and that this action be **DISMISSED WITH PREJUDICE**.

2. No certificate of appealability be issued.


DATED: September 24, 2020                *s/Elizabeth Cowan Wright*
                                         ELIZABETH COWAN WRIGHT
                                         United States Magistrate Judge


## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).