UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AARON JUDE SCHNAGL, | Case No. 19-cv-2611 (NEB/ECW) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| SHANNON REIMANN, | |
| Defendant. | |

Petitioner Aaron Jude Schnagl filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. (ECF No. 1 ("Pet.").) In a Report and Recommendation dated September 24, 2020, United States Magistrate Judge Elizabeth Cowan Wright recommends denying Schnagl's petition, dismissing the action with prejudice, and declining to issue a certificate of appealability. (ECF No. 27 ("R&R").)

BACKGROUND

The R&R and the Minnesota Court of Appeals opinion comprehensively explain the relevant factual and procedural history of the case. (R&R at 2–6); *State v. Schnagl*, 907 N.W.2d 188 (Minn. Ct. App. 2017). The Court repeats some of these facts as necessary for its analysis.

1

## I.     The Trial

A Minnesota jury convicted Schnagl of third-degree murder pursuant to Minnesota Statute section 608.195(b) in February 2016. (ECF No. 1-2 at 28.) Following his conviction, Schnagl filed multiple post-trial motions, which the trial judge denied. (ECF No. 1-2 at 35–37.)

## II.    The Appeals

Schnagl appealed his conviction to the Minnesota Court of Appeals, arguing in relevant part that: the evidence at trial was insufficient to establish that he was the proximate cause of the victim's death; the trial court should have included a jury instruction on "joint acquisition theory" as a matter of course under state law; there was prosecutorial misconduct; his due process rights were violated; and double jeopardy barred his conviction. (ECF No. 1-2 at 7–46.) He raised these issues in a brief filed by his counsel and a *pro se* brief, both of which were considered and rejected by the Court of Appeals. (*Id.*); *Schnagl*, 907 N.W.2d at 200-03.

Schnagl then petitioned the Minnesota Supreme Court for review, maintaining two grounds for relief: (1) insufficient evidence; and (2) the jury instruction was improper under state law because it did not include an instruction on the "joint acquisition" theory. (ECF No. 3 at 3; 1-2 at 131–42.) Schnagl also mentioned that his conviction should be reversed "for the reasons argued in his *pro se* supplemental brief" to the Minnesota Court of Appeals, but did not draw from that brief or discuss the arguments further. (ECF. No

1-2 at 131.) The Minnesota Supreme Court denied his petition for review. *State v. Schnagl*, No. A16-1509 (Oct. 5, 2018). Schnagl appealed his conviction to the United States Supreme Court, which was also denied. *Schnagl v. Minnesota*, 139 S. Ct. 156 (2018).

### III.  Petition for Writ of Habeas Corpus

Schnagl timely filed for writ of habeas corpus under 28 U.S.C. section 2254. (Pet.) He raises four grounds for relief: (1) insufficient evidence in violation of his Sixth and Fourteenth Amendment right to due process—specifically, insufficient evidence Schnagl caused the deceased's death ("Ground 1"); (2) violation of his Sixth and Fourteenth Amendment rights under *Brady v. Maryland*, 373 U.S. 83 (1963) because the district court failed to compel disclosure of possibly exculpatory evidence ("Ground 2"); (3) improper jury instruction in violation of generalized due process rights ("Ground 3"); and (4) violation of the Fifth Amendment's double jeopardy clause because he previously pled guilty to and was sentenced for possession of cocaine ("Ground 4"). (Pet. at 5–20.)

The R&R concluded that Schnagl failed to properly present all four claims to the Minnesota Supreme Court and accordingly recommended denial of habeas relief. (R&R at 8.) Schnagl insists that issues were fairly presented to the Minnesota Supreme Court. (Obj. at 4–5.)

3

## ANALYSIS

### I. Procedural Default

Under Section 2254, a petitioner must first exhaust his or her state court remedies prior to seeking relief from a federal court, giving the state court the opportunity to consider alleged violations of federal rights. 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In order to exhaust, the petitioner must "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). To fairly present a claim, the petitioner must refer to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005). A petitioner cannot present a claim that is merely similar to the federal habeas claim—it must be specifically federal in nature. *Id.* To fairly present the claim, the petitioner must do so in a way that the state court need not "read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32.

If a court concludes that the petitioner did not fairly present the claims in the petition to the state courts, it must then determine whether the claim may still be raised to a state court. *Foster v. Fabian*, No. 07-CV-4317 (JRT/JJG), 2009 WL 921063, at *3 (D. Minn.

4

Mar. 31, 2009). Where a petitioner fails to exhaust a claim in state court and the state courts will no longer review it based on an independent and adequate state procedural ground, that petitioner has procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In Minnesota, if an issue has or could have been litigated on direct appeal, it may not be litigated in a second, collateral appeal. *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976) ("[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief."). Therefore, any claims Schnagl makes in his petition for habeas relief that could have been, but were not, brought before both the Minnesota Court of Appeals and the Minnesota Supreme Court are procedurally defaulted.

### A. Ground One

With respect to the first ground for relief (that there was insufficient evidence for a jury to conclude Schnagl caused the victim's death) the R&R correctly concluded that Schnagl did not invoke the Sixth Amendment, Fourteenth Amendment, or any other violation of federal law when raising this claim to the Minnesota Supreme Court. (R&R at 8.) In his memorandum to the Minnesota Supreme Court, Schnagl argued that there was insufficient evidence for the jury to convict him. (ECF No 1–2 at 131, 135–36.) But he did not reference the Sixth or the Fourteenth Amendment, or any other federal law. (*Id.*) Accordingly, the R&R concluded that Ground One was not fairly presented to the state court and recommended denying relief. (R&R at 8, 15.)

5

Schnagl objects, insisting that he raised federal issues with respect to this ground for relief to the Minnesota Supreme Court. He cites to his brief to the Minnesota Supreme Court and generally to his supplemental *pro se* brief to the Minnesota Court of Appeals. (Obj. at 2–4.) Schnagl's brief to the Minnesota Supreme Court does not raise any issues of federal law, either directly or by citation in the context of Ground One. (ECF No. 1–2 at 131, 135–36.) Schnagl did raise Sixth and Fourteenth Amendment claims before the Minnesota Court of Appeals, but not in relation to a claim of insufficient evidence. (*See id.* at 69 (raising constitutional due process claims).) Regardless, even if Schnagl had properly raised the issue before the Court of Appeals, attaching an addendum that mentions the claim is insufficient to preserve the issue before the Minnesota Supreme Court. As explained above, if a state court must read beyond a brief or similar document to find the presence of a federal claim in the case, the petitioner has not fairly presented the claim. *Baldwin*, 541 U.S. at 32; *Latimer v. Smith*, 351 F. Supp. 3d 1218, 1224 (D. Minn. 2018) (finding that Section 2254 claims were procedurally defaulted when the petitioner only raised them to the Minnesota Supreme Court by attaching a copy of the opinion of the Minnesota Court of Appeals). Schnagl's petition for review did not invoke the United States Constitution or federal law, and thus the federal claim was not fairly presented to the Minnesota Supreme Court. Because this ground for relief may no longer be raised to the state court, Schnagl has procedurally defaulted on Ground One.

### B. Grounds Two and Four

Similarly, Schnagl argues that the alleged *Brady* violation and double jeopardy claims were properly raised before the Minnesota Supreme Court because they were raised in his *pro se* brief to the Minnesota Court of Appeals. (ECF Nos. 3 at 35, 40; Obj. at 4–5.) As the R&R thoroughly and correctly outlined, and as discussed above, general references to a supplemental brief filed before the lower court are not sufficient to identify the claims or any federal basis for them. (R&R at 10–11); *Baldwin*, 541 at 32.

### C. Ground Three

With respect to the third ground for relief, Schnagl cites generalized due process rights to a proper jury instruction. (ECF No. 3 at 35.) Judge Cowan Wright properly concluded that this ground for relief fails because Schnagl merely alleges wrongful interpretation of state statutes.[1] (R&R at 8–10.) Schnagl maintains that he exhausted his state court remedies as to this claim. (Obj. at 4.)

Although Schnagl raised this ground for relief each time he petitioned for a new trial or dismissal, he never cited federal law in support of such relief. (ECF No. 1-2 at 23–25, 36, 136–41; ECF No. 3 at 35–40.) Rather, Schnagl argues that a federal question was fairly raised because he cited *State v. Carithers*, 490 N.W.2d 620 (Minn. 1992), to support his argument that a jury instruction on "joint acquisition theory" should have been given

---

[1] Schnagl does not dispute that this ground for relief alleges a wrongful interpretation of a state statute.

as a matter of course. (*Id.*; ECF No. 20 at 9–10; ECF No. 3 at 37–38.) In *Carithers*, the Minnesota Supreme Court considered the application of Minnesota's drug statutes. 490 N.W.2d at 622–24. Schnagl's appellate counsel argued to the Minnesota Court of Appeals that under *Carithers* and subsequent cases, the "joint acquisition theory" is extended to all romantic relationships and therefore the trial court erred in denying a jury instruction on the theory. (ECF No. 1-2 at 24-25.) Furthermore, Schnagl notes, *Carthiers* cites to a federal case, *United States v. Swiderski*, 548 F.2d 445 (2d. Cir. 1977). (ECF No. 3 at 38; ECF No. 20 at 9–10.) In addition, Schnagl's brief to the Minnesota Supreme Court explicitly recognizes *Carthers'* discussion of *Swiderski*. (ECF No. 1-2 at 139; ECF No. 20 at 9–10.) Merely citing to a state court opinion that references a federal court opinion does not constitute sufficient presentment. *See Vang v. Hamer*, No. CV 15-2544 (DSD/JJK), 2016 WL 2727864, at *5 (D. Minn. Mar. 24, 2016), *R&R adopted sub nom.*, 2016 WL 2637806 (D. Minn. May 6, 2016) (finding that a "buried reference to the due process issue [petitioner] now seeks to raise in this habeas case was not sufficiently explicit to fairly present the claim to state court") (citations omitted); *Carney v. Fabian*, 487 F.3d 1094, 1096–97 (8th Cir. 2007) (holding a due process challenge to jury instruction was not fairly raised before the state court where no specific due process violation, federal constitutional provision, or relevant federal constitutional case was cited). Since the Minnesota Supreme Court was not alerted to the federal nature of the claim, Schnagl's state court opportunities were not exhausted, and he has procedurally defaulted. *Baldwin*, 541 U.S. at 29.

8

In addition, to the extent this Ground Three asks the Court to review a state court's interpretation of state law, it is not properly before the Court. (R&R at 10.) A claim of "alleged wrongful interpretation of criminal statutes cannot be decided in a federal habeas corpus action." *Poole v. Wood*, 45 F.3d 246, 249 (8th Cir. 1995). Therefore, even assuming Ground Three had been "fairly presented" before the state courts, this Court cannot review a state court's interpretation of its own statutes in a habeas petition. *Baldwin*, 541 U.S. at 32.

## II.   Exceptions to Default

Although Schnagl has defaulted on all four grounds for relief, the Court may nonetheless grant relief if he can (1) establish cause and prejudice,[2] or (2) demonstrate that "failure to consider the claims will result in a fundamental miscarriage of justice."[3] *Coleman*, 501 U.S. at 750 (internal quotation marks omitted); *Kindred v. Titus*, No. 17-CV-620 (SRN/HB), 2017 WL 6987990, at *3 (D. Minn. Dec. 27, 2017). If neither exception

---

[2] To establish cause for default, a petitioner generally must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must demonstrate that "the errors of which he complains worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (quotation and emphasis omitted).

[3] To establish a fundamental miscarriage of justice, a petitioner must show that, based on new evidence, there has been a constitutional violation that has "probably resulted in the conviction" of someone "who is actually innocent." *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995).

applies, the habeas court cannot excuse the default and should deny the petition without reaching the merits. *Kindred*, 2017 WL 6987990, at *3.

Schnagl has failed to demonstrate cause for the default of his four grounds for relief, so the Court need not consider whether he has suffered prejudice as a result. *Coleman*, 501 U.S. at 753; *Kindred*, 2017 WL 6987990, at *3; (R&R at 13.) Schnagl has also failed to demonstrate that a "fundamental miscarriage of justice" would result from the Court not excusing the procedural default because he has not brought forth "reliable new evidence" that provides clear and convincing proof that he is actually innocent. *Brownlow*, 66 F.3d at 999; *Kindred*, 2017 WL 6987990, at *3. Therefore, Schnagl has defaulted on all four grounds.

### III.     Certificate of Appealability

The final issue the Court must confront is whether to issue a certificate of appealability for Schnagl's Section 2254 petition. A petitioner seeking relief under Section 2254 cannot appeal an adverse ruling absent issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Court may issue a certificate of appealability only if the petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds it unlikely that any other court would decide Schnagl's claims differently than it has. Schnagl has not brought forth, and the Court cannot see, any claims that raise novel, noteworthy, or worrisome issues warranting further appellate review. The Court therefore denies the issuance of a certificate of appealability.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (ECF No. 27) is ACCEPTED;

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED; and

3. No certificate of appealability be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 4, 2021                    BY THE COURT:

                                        s/Nancy E. Brasel
                                        Nancy E. Brasel
                                        United States District Judge